THIS was a scire facias on a recognizance in the Orphans' Court, entered into 22d May, 1798, by Joshua Lobb, the oldest son of Joseph Lobb, on the acceptance of his father's lands, in the penalty of £282 7s 6d, conditioned to pay £191 3s 9d, in three instalments — one-third in six months; one-third in one year from date with interest, and one-third at the death of the widow, Frances Lobb, without interest. Frances Lobb, the widow, died in August, 1828. It was admitted, that the plaintiffs were entitled to recover the one-third, the payment of which was postponed by the recognizance until the death of Mrs. Frances Lobb. The contest was about the other two-thirds. The defence was the presumption of payment arising from lapse of time.
Chandler, for defendant. — Payment of a bond or recognizance will be presumed in law in twenty years, unless there is some payment of interest or other acknowledgment made of the debt being due. (4 Phil. Evid. 171; 2 ib. 316, 160; 2 Harr.Rep. 124.) The circumstances of plaintiffs have been such as to strengthen the presumption of payment.
Plaintiff cannot recover beyond the penalty, for all the heirs. These plaintiffs are only three of six, and of course can recover only to the amount of one-half the penalty in the recognizance, viz: £141 3s 9d — $376 50.
Rogers. — I admit the principle of law, that payment of a bond or recognizance will be presumed in twenty years, but I shall claim that this is not a case to which such a principle applies. This is a recognizance for the payment of an entire sum by instalments, and I shall contend, that where an entire sum is secured by bond or recognizance payable in instalments, the period at which the bond, c. is due is the time of payment of the last instalment; and no presumption of the payment of any part of it can arise until twenty years after the time of payment of the whole bond, that is of the last instalment. The application of the act of limitations is upon this principle; it does not begin to run as to instalments, but only after the whole debt is due. The creditor is not bound to sue for his *Page 422 
instalments, and the law which does not favor multiplicity of suits will not favor such actions; he is only bound to sue when the whole is due, or subject himself to the operation of the act of limitations, or the presumption of payment arising from lapse of time. It is admitted in this case, that the whole of this recognizance has not been paid. Now on the principles of pleading alone their plea of payment cannot avail, because that plea must go to the whole debt. The presumption of payment must have reference to complete payment, and an admission of any part being due, rebuts that presumption.
There are other circumstances which the jury will consider as rebutting this presumption; family relationship — eldest brother the recognizor — other brothers and sisters the payees. The plaintiffs have solemnly sworn, in making probate of their claim, that the whole is due.
Bayard, in reply. — Presumption of payment by lapse of time is not a technical defence — it is founded on experience that fair claims will generally be enforced within that time, or at least formally acknowledged, and upon the best policy, that stale claims shall not be enforced after the lapse of time when the evidences of payment may be destroyed, and death have sealed the lips of those who could prove the payment. By positive law a man may lose or acquire a title to land in twenty years, and why may not payment of a debt be presumed. The principle of the presumption is, the lapse of time after the money was due — after the party has the right to sue — for if he has such power and neglects to exercise it for twenty years, it is a reasonable presumption that he has been paid.
We admit the principle, that if a debt be made payable by instalments it is not due, and cannot be sued until the last instalment is due; but when such a debt payable by instalments is secured by apenalty, the neglect of payment of any one instalment is a breach of the condition, and subjects the party to a suit for the whole penalty. These instalments, the two first, were due in six and twelve months after the date of the recognizance, and at that time the plaintiffs had the right of action. There is no reason why the principle should not apply to an instalment as well as the whole, if the party has the right of action as to that instalment, and can sue for it.
Our act of limitation has nothing to do with it. That act from principles of policy, fixed a certain limitation from the maturity of the recognizance; but that has nothing to do with the common law principle of presumption of payment arising from lapse of time. *Page 423 
As to the plea of payment not applying 10 the whole sum, evidence of part payment would be admissible, and the presumption arising from lapse of time, stands in place of the evidence of payment. (2 Harr.Rep. 46; Digest, 78.)
The probate is not the slightest evidence in the plaintiff's favor. To hold that it is evidence would he to turn a matter which the law requires to protect the estates of deceased persons, into an injury of these estates, and to enable a man to become a witness in his own cause.
Per Curiam:
The rule of law is that a bond, judgment, or recognizance, will be presumed to be paid after the lapse of twenty years, unless something appears to rebut the presumption; as payment of interest, acknowledgment, c. This is mere presumption and may be rebutted by circumstances. On a bond with a penalty payable in instalments, the presumption applies to each instalment as well as to the whole. It arises in twenty years after the instalment is due — after the party has a right of action.
On this recognizance the plaintiffs had a right to sue whenever either of these instalments became due. Unless the presumption of payment has been rebutted, plaintiffs cannot recover any part of the first two instalments.
The probate is not evidence to rebut the presumption.
Part payment may be given in evidence under the plea of payment. (Digest, 78.)
The verdict will be for three-sixths of the last instalment, with interest from the death of Mrs. Lobb; if the presumption of payment of the first two instalments has not been rebutted.
 Verdict accordingly.